# Federal Public Defender
## for
## The District of Alaska

Rich Curtner					601 West Fifth Ave., Suite 800
Federal Public Defender				Anchorage, Alaska 99501

Phone: (907) 646-3400/FAX: (907) 646-3480

July 20, 2006


Steve Skrocki
Assistant U.S. Attorney
222 W. 7th Ave., # 9, Rm. 253
Anchorage, Alaska 99501

    Re:    *United States v. Esther Ruiz-Heathers*, 3:02-cr-00111-jks-jdr

Dear Steve:

Enclosed is a plea agreement prepared in a recent case involving a plea to simple possession in violation of 21 U.S.C. § 844(a). The agreement provides for disposition pursuant to 18 U.S.C. § 3607.

I am going to suggest a much shorter period of probation for the following reasons. Ms. Ruiz-Heathers was originally sentenced to a three-year term of supervised release. Her supervised release term began on May 21, 2004. According to probation officer Mary Barnes, Ms. Ruiz-Heathers has been an exemplary probationer. But for the pendency of the current 28 U.S.C. § 2255 petition, Ms. Barnes would have recommended early release from supervision on May 21, 2006, her two-thirds date.

In addition, Judge Singleton originally placed Ms. Ruiz-Heathers on an electronic monitor for 90 days. According to Ms. Barnes, the electronic monitoring began on August 18, 2004. Because of confusion the electronic monitoring was not terminated until February 14, 2005. Essentially, Ms. Ruiz-Heathers submitted to electronic monitoring for nearly three months longer than authorized by the court.

Finally, the original response deadline for the 28 U.S.C. § 2255 petition was February 18, 2005. However, the matter was repeatedly continued by stipulation for more than a year so that the government could make a reasoned decision in connection with the case.

Under these circumstances, it seems eminently fair to limit the probationary period to time served and immediately discharge Ms. Ruiz-Heathers from all supervision.

Steve Skrocki
July 20, 2006
Page 2


For all these reasons, I propose that we enter into a stipulation which authorizes granting of the § 2255 post-conviction relief petition and a dismissal of the original indictment. At the same time, I propose that a misdemeanor information charging a violation of 21 U.S.C. § 844(a) and a written plea agreement which provides for disposition under 18 U.S.C. § 3607 and which credits here with a year of probation.

Please call if you have questions. I am anxious to resolve Ms. Heathers' matter and we are obligated to advise the court of the disposition by July 24, 2006. *See* Docket No. 105.

Sincerely yours,



Kevin F. McCoy
Assistant Federal Defender

KFM/km
Enclosure

JUL 24 2006 08:35 FR                                            TO 96463480        P.01/01



**U.S. Department of Justice**

*United States Attorney*
*District of Alaska*

---

*Federal Building & U.S. Courthouse*
*222 West 7th Avenue, #9, Room 253*     *Commercial: (907) 271-5071*
*Anchorage, Alaska 99513-7567*          *Fax Number: (907) 271-3224*

July 24, 2006                               **SENT VIA FACSIMILE**

Kevin McCoy
Federal Public Defender's Office
550 W. 7th Ave. Suite 1600
Anchorage, AK 99501
Fax: 646-3480

Dear Kevin,

The government agrees with your suggestion to limit Ms. Ruiz-Heathers to time served given the facts referenced in your letter. I will be engaged with the 9th Circuit most of today if you would be so kind to inform the court as to our disposition I would be much appreciative.

                                Sincerely,

                                DEBORAH M. SMITH
                                Acting United States Attorney

                                STEVEN E. SKROCKI
                                Assistant U.S. Attorney

Exhibit A - Page 3 of 3