DEBORAH M. SMITH
Acting United States Attorney

STEVEN E. SKROCKI
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ESTHER RUIZ-HEATHERS,<br><br>　　　　　Defendant. | Case No. 3:02-CR-00111-JKS<br><br>**PLEA AGREEMENT** |

I. **Introduction**

　　A. *Summary*

　　This brief introduction sets forth a summary of the terms of the plea

agreement between ESTHER RUIZ-HEATHERS and the United States. This summary is not intended to supersede the language that follows this subsection.

The defendant agrees to plead guilty to the following charge set forth in the Information in this case:

> **Count 1:**   Unlawful possession of a controlled substance, in violation of 21 U.S.C. § 844(a).

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that an order of probation of one day of probation pursuant to 18 U.S. C. § 3607 is appropriate. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)( C), the parties agree that the order of probation should be entered immediately upon acceptance of the guilty plea.

**B.   *Complete Agreement.***

This document contains the complete plea agreement between the United States and ESTHER RUIZ-HEATHERS . No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

**C.   *Federal Rules of Criminal Procedure.***

The parties expressly agree that this plea agreement is entered into and is to

be controlled by Federal Rule of Criminal Procedure 11(c)(1)(C). This means that either ESTHER RUIZ-HEATHERS or the United States may withdraw from this agreement if the court deviates from the sentencing recommendation made by the United States and by defense counsel. The parties' recommendation is binding on the court once the court accepts the plea agreement. The parties recommend an order of probation of day of probation in accordance with the provisions of 18 U.S.C. § 3607.

### D. *United States Sentencing Guidelines.*

Because this case arises out of conduct occurring after November 1, 1987, ESTHER RUIZ-HEATHERS's disposition under 18 U.S.C. § 3607 will be considered by utilizing the United States Sentencing Commission Guidelines (U.S.S.G.).

In the wake of U.S. v. Booker, 125 S.Ct. 738 (2005), the Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the dispostion to be imposed.

### E. *Attorney's Fees and Costs.*

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II.   What the Defendant Agrees to Do

ESTHER RUIZ-HEATHERS agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

### A.   *Charges*

ESTHER RUIZ-HEATHERS agrees to plead guilty to the following offense as set forth in the Information:

> **Count 1:**   Unlawful possession of a controlled substance, in violation of 21 U.S.C. § 844(a).

### B.   *Limits on departures*

Unless specifically set forth in this plea agreement, the defendant agrees she will not seek any downward departures under the U.S.S.G. or any other authority.

C.  *Fine.*

The parties agree that no fine should be imposed.

D.  *Costs of Prosecution.*

The parties agree that the defendant is unable to pay the costs of prosecution.

D.  *Waivers of appellate and collateral attack rights*

The defendant understands that by pleading guilty she waives his right to appeal this disposition. The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence no greater than that agreed to herein for the offense of conviction, including any forfeiture under this plea agreement, she will knowingly and voluntarily waive her right, contained in 18 U.S.C. § 3742, to appeal the sentence – including any forfeiture or conditions of supervised release imposed. Furthermore, the defendant also knowingly and voluntarily agrees to waive her right to collaterally attack her conviction and/or sentence – including any forfeiture, whether civil or criminal, administrative or judicial or conditions of supervised release imposed. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to her conviction or sentence alleging ineffective assistance of counsel -- based on information not

now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the court imposes sentence; and 2) a challenge to the voluntariness of her guilty plea. The defendant agrees that if her guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

### F.   *Consequences of plea*

The defendant agrees to pay the special assessment of $25 owed in this case.

### G.   *Waiver of Right to Jury Trial on Sentencing Factors*

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the information, (2) proven to a jury, or (3) proven beyond a reasonable doubt. The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines and to have the sentence based on facts to be found by the sentencing judge by a preponderance of the evidence.

## III.   What the Government Agrees to Do

A.   In exchange for ESTHER RUIZ-HEATHERS's plea of guilty to Count 1 of the Information, the United States agrees not to prosecute the

defendant further for any offense – now known – arising out of the subject of the investigation.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated.

 B. The United States agrees not to seek any upward sentencing departures under the U.S.S.G. or any other authority.

 C. The United States agrees that ESTHER RUIZ-HEATHERS is eligible for prejudgment probation in accordance with the provisions of 18 U.S.C. § 3607 and, if she has not violated a condition of her probation, is entitled to have the proceedings dismissed and be discharged from probation without entry of a judgment of conviction. If the defendant violates a condition of her probation, the court shall proceed in accordance with the provisions of 18 U.S.C. § 3565.

 D. The United States agrees not to oppose ESTHER RUIZ-HEATHERS request to appear telephonically at the change of plea/order of probation hearing.

## IV. Advisement of Maximum Penalties and Conditions of Sentence

    A.    The maximum statutory penalty for the charge to which ESTHER RUIZ-HEATHERS is pleading guilty is as follows:

> **Count 1:** Unlawful possession of a controlled substance, in violation of 21 U.S.C. § 844(a): 1) a maximum of one (1) year in prison; 2) a minimum $1,000 and a maximum $100,000 fine; 3) a $25 mandatory special assessment; and 4) one (1) year of supervised release.

    B.    Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

    C.    Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

    D.    Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

    E.    The court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1. The parties agree that no restitution is owed

in this case.

F. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

V. **Guideline Applications and Sentencing Issues (the following estimates bind neither party nor the court)**

*Count 1: Unlawful possession of a controlled substance*

Base Offense Level (USSG § 2D2.1(a)(3)) .................... 4

Acceptance of Responsibility ............................... -2

Estimated Total ........................................... 2

Estimated Crim. Hist. Category ............................ I

Estimated Sentencing Range ........................ 0-6 mos.

Agreed Sentence ............................. 1 Day Probation

*Criminal History Category*

The parties have no agreement on the defendant's criminal history category. The government estimates that it would be Category I. The defendant understands that the court may find the defendant's criminal history to be higher or lower than the United States has estimated.

*No Upward or Downward Departures*

The parties agree that neither the United States nor the defendant will seek

any upward or downward sentencing departures unless specifically set forth in this plea agreement. No such upward or downward sentencing departures are specifically set forth in this plea agreement.

### *Ultimate Sentence Left to Discretion of Court*

The defendant fully understands that the court has total discretion to determine the ultimate sentence but that the defendant and the United States will be permitted to withdraw from this plea agreement if the court declines to accept the plea agreement and the recommendation of the parties.

### *Application of 18 U.S.C. § 3607*

The parties agree that 18 U.S.C. § 3607 applies to this proceeding and that the court may with the consent of the defendant, place her on probation for a term of not more than one year without entering a judgment of conviction. The defendant, ESTHER RUIZ-HEATHERS, consents to being placed on probation for one day in accordance with the provisions of 18 U.S.C. § 3607.

VI.  **Elements of the Offense**

### *Count 1 Unlawful possession of a controlled substance (21 U.S.C. § 844(a)):*

In order to sustain a conviction for unlawful possession of a controlled substance, a violation of 21 U.S.C. § 844(a), as charged in the Information in this case, the United States would have to prove beyond a reasonable doubt the

following elements:

> First: the defendant knowingly possessed controlled substance, to wit: methamphetamine.

## VII. Factual Basis for the Plea

The parties stipulate and agree that the following facts are true and correct, and would be proven at a trial by the United States:

Between September 1, 2002 and October 2002, the defendant did knowingly possess methamphetamine.

## VIII. Adequacy of the Agreement

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is appropriate in that it applies the same sentencing guideline provisions and disposition under 18 U.S.C. § 3607 that would otherwise be applicable to the defendant if she had gone to trial and had been convicted on Count 1 of the Information. The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate herself.

## IX. Defendant's Agreement and Understanding of the Terms of this Plea Agreement

I, ESTHER RUIZ-HEATHERS, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A.   I wish to enter a plea of guilty to Count 1 of the Information, which charges me as follows:

> Count 1: Unlawful possession of a controlled substance, in violation of 21 U.S.C. § 844(a).

B.   I understand that by pleading guilty I give up and I agree to waive the following rights:

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to a speedy and public trial by a jury on the issues of my guilt;

- The right to object to the composition of the petit jury;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I understand I am not waiving my right to have counsel continue to represent me during the disposition phase of my case;

-- The right to confront and cross examine witnesses against me, and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on my property or person;

C. I am fully aware that if I were convicted after a trial and sentence were imposed on me thereafter, I would have the right to appeal any aspect of my conviction and sentence. Knowing this, I voluntarily waive my right to appeal my conviction. Furthermore, I also knowingly and voluntarily agree to waive my right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this case, if the court accepts this agreement and imposes a sentence within its terms. Furthermore, I knowingly and voluntarily waive my right to collaterally attack any aspect of my conviction or sentence, except for a challenge based upon ineffective assistance of counsel – based on information not now known by me and which, in

the exercise of due diligence, could not be known by me by the time the court imposes the sentence--which affected either my guilty plea or the sentence imposed by the court. I am fully satisfied with the representation given me by my attorney, Kevin McCoy. We have discussed all possible defenses to the charges in the Indictment and Information. My attorney has investigated my case and followed up on any information and issues I have raised with my attorney to my satisfaction and my attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement and I understand they are intended to be binding on the court.

  D.  I further understand that if I plead guilty, there will not be a trial and that the court will ask me under oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

  E.  I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said

anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

 F. I understand that no one, including my attorney, can guarantee the court if it accepts this agreement. I understand that the court has the ultimate discretion to determine the sentence to be imposed in my case. As specifically set forth in this agreement, I understand that if the court deviates from the sentencing recommendations made by the United States and my attorney, I can withdraw my guilty plea and from this agreement.

 G. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

 H. This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the court. I understand that if I

U.S. v. Ruiz-Heathers                     3:02-cr-00111-JKS

breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

I. I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the court should find me incompetent to enter into this agreement or to enter my plea. I understand the consequences of my guilty plea. I enter into this agreement knowingly and voluntarily.

I therefore wish to enter a plea of guilty to Count 1 of the Information, which charges me with unlawful possession of a controlled substance in violation of Title 21, United States Code, section 844(a) and, pursuant to FRCP 11(c)(1)(C), be sentenced to one year of probation.

DATED: 08/03/06            *Esther Ruiz Heathers*
                           ESTHER RUIZ-HEATHERS,
                           Defendant

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charge(s) to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant' competency to enter into this plea agreement or to enter a plea of

guilty, I will immediately inform the court.

DATED: 8-8-06

_____
KEVIN MCCOY
Attorney for Esther Ruiz-Heathers

On behalf of the United States, the following accept ESTHER RUIZ-HEATHERS's offer to plead guilty under the terms of this plea agreement.

DATED: 8/9/06

_____
STEVEN E. SKROCKI
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: steven.skrocki@usdoj.gov

DATED: 8/11/06

_____
DEBORAH M. SMITH
Acting United States Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Rm 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500